Filed 6/15/22  P. v. Chan CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CESAR BIADO CHAN,<br><br>    Defendant and Appellant. | F082244<br><br>(Tuolumne Super. Ct.<br>No. CRF59734)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Lindsey K. Terry, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Cesar Biado Chan was stopped while driving a rental car that was reported stolen. He was charged and convicted of felony receiving a stolen vehicle (Pen. Code, §496d, subd. (a))[1] and sentenced to two years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS

Appellant was arrested because he was driving a stolen Ford Mustang in Tuolumne County. The history of the stolen vehicle, however, began in Santa Clara County.

Officer Correia of the Palo Alto Police Department was part of Santa Clara County's regional auto theft task force. In 2019, he was involved in an investigation of Christy Reiken, who was "renting vehicles under false pretense[s] or with basically someone else's identification. A fraud rental is what we call it."

Officer Correia testified Reiken rented a Chevrolet Suburban SUV from the Enterprise Rent-A-Car (Enterprise) office at the San Jose Airport, using the identification of Natalie Gallegos; she was alone when she rented the vehicle. The vehicle was reported stolen in early April 2019, and the OnStar system was used to track it to a parking structure at the San Jose Airport. Correia provided pictures of Reiken to Enterprise so that she could not rent another car.

**Rental of the Mustang**

On April 3, 2019, a woman who identified herself as "Carol Cooper" rented a 2019 black Ford Mustang convertible from the same Enterprise rental office at the San

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

Jose Airport; she was alone when she rented the vehicle. The contract had an expected return date of April 13, 2019.

Enterprise subsequently reached out to Officer Correia and reported Reiken may have rented the Mustang using a false identity. Correia reviewed video from the office's surveillance camera and confirmed that Reiken rented the Mustang using the name Carol Cooper. Correia contacted Ms. Cooper, who did not know anything about the Mustang, but reported her identity was compromised when her own car was previously stolen.

On April 10, 2019, Enterprise reported the Mustang stolen three days before the expiration of the rental agreement. The vehicle's estimated value was $35,000. Mustang models do not have tracking services, so there was no way to track the vehicle once it was reported stolen.

**The Traffic Stop of the Stolen Mustang**

On the night of April 23, 2019, California Highway Patrol Officer Dillon and his partner were on patrol in Jamestown in Tuolumne County. A black Ford Mustang drove past them and did not have registration tabs on the license plate. Dillon ran the plates and discovered the Mustang was the rental car that was reported stolen from Enterprise in San Jose.

Officer Dillon called for backup and conducted a "high risk" stop with two other law enforcement vehicles. The vehicle pulled over, and the driver complied with Dillon's orders and dropped the vehicle's key and fob out of the driver's side window.

Appellant was the driver, and Sokchean Phe was sitting in the front passenger seat. Officer Dillon searched appellant and found $650 in cash and a key ring with two keys. Dillon believed one was a house key and the other may have belonged to a storage locker; appellant did not have any other vehicle key.

Phe had a carabineer attached to his belt hoop and it had seven keys, including those for Hondas and Chryslers. Dillon testified two keys appeared "shaved," the type

commonly used to enter or steal vehicles, and one key appeared "worn." Another of Phe's keys matched the storage locker key that appellant had.

Appellant was advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 and answered questions. Appellant said Phe had just picked him up at a warehouse in Modesto. Appellant did not know the warehouse's address or cross streets, but said he worked a couple of days a week at a computer repair company located in the warehouse, and his workplace had recently moved to that warehouse. Appellant said he was from San Jose and was staying at a house on Paramount Way in Modesto.

Appellant said he had known Phe for a couple of months but did not explain how he knew him. Appellant said they were going to meet friends at Black Oak Casino, but appellant only knew one of these persons; he did not know that person's name, and he did not know these people well. Appellant said he knew his driver's license was suspended. Appellant said he asked Phe if he could drive the Mustang, and Phe agreed even though Phe knew his license was suspended.

Officer Dillon confirmed appellant's license was suspended, and the records from the Department of Motor Vehicles showed appellant's address was on Paramount Way in Modesto as of November 2014.

Officer Dillon did not find any belongings of appellant or Phe in the vehicle. There were no obvious indications that the Mustang was a rental car – there were no bar code stickers, "no smoking" stickers, or rental paperwork. The only vehicle key in appellant's possession was attached to the Mustang's fob that he dropped outside of the window when he pulled to the side of the road.

The names of appellant and Phe were not involved or mentioned in Officer Correia's investigation of Reiken prior to the traffic stop and recovery of the Mustang.

**PROCEDURAL BACKGROUND**

On September 25, 2019, appellant was held to answer in the Superior Court of Tuolumne County on count 1, felony receiving a stolen vehicle (§ 496d, subd. (a)), and

4.

count 5, misdemeanor driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).[2] Appellant pleaded not guilty and waived time. Further proceedings were delayed by the COVID-19 pandemic.

On October 21, 2020, appellant's jury trial began. On October 22, 2020, appellant was convicted of both counts and remanded into custody.

On October 24, 2020, appellant was released on his own recognizance (OR). On November 16, 2020, appellant failed to appear for the sentencing hearing and the court issued a no-bail bench warrant for his arrest. On November 29, 2020, appellant was taken into custody. On December 1, 2020, appellant appeared in court and moved for another OR release; the motion was denied, and appellant remained in custody.

On December 14, 2020, the court held the sentencing hearing for appellant, and imposed the midterm of two years for count 1 and a concurrent term of one year for misdemeanor count 5.[3] The court imposed a split sentence pursuant to section 1170, subdivision (h), and ordered him to serve one year in the county jail and the remaining year on mandatory supervision through the probation department.

---

[2] Codefendant Phe was also charged with count 1, receiving a stolen vehicle; and separately charged with count 2, taking or driving a vehicle without consent; count 3, misdemeanor possession of methamphetamine; and count 4, misdemeanor possession of burglary tools. At the time of appellant's sentencing hearing, codefendant Phe had failed to appear for hearings in his own case, and there was an outstanding warrant for his arrest.

[3] The abstract of judgment correctly stated appellant's sentence. However, the original minute order for the sentencing hearing erroneously stated appellant's aggregate term was four years. While this case was pending on appeal, appellate counsel advised the trial court about this error, and a corrected minute order was filed. Appellate counsel then advised the court that the corrected minute order erroneously stated appellant's credits, and that error was also corrected.

The court imposed a $900 restitution fine (§ 1202.4, subd. (b)); and $1,900.64 in victim restitution to Enterprise, jointly and severally payable with any other defendant convicted in connection with the stolen Mustang.[4]

On December 16, 2020, appellant timely filed a timely notice of appeal.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on December 13, 2021, we invited appellant to submit additional briefing. He has failed to do so.[5]

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[6]

## DISPOSITION

The judgment is affirmed.

---

[4] Enterprise's request for victim restitution was based on $835.44 as the amount owed for rental of the vehicle, plus $1,065.20 for towing and damages to the vehicle.

[5] After appellate counsel filed the *Wende* brief, counsel requested to withdraw from the case because of receiving an appointment as an officer with the United States Air Force's Judge Advocate General's Corps. This court granted the request and appointed new appellate counsel. The newly appointed appellate counsel advised this court that no further briefing would be filed in the case.

[6] We note appellant had the statutory right to object to the $900 restitution fine at the sentencing hearing since it exceeded the statutory minimum amount but failed to do so and has thus forfeited any challenge to his ability to pay that amount. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) In addition, appellant had two opportunities in this appeal to raise an ability-to-pay issue based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, since the newly appointed appellate attorney was given leave to file a supplemental brief in place of previous counsel's *Wende* brief but declined to do so. Finally, victim restitution is not subject to the ability-to-pay issues addressed in *Dueñas*. (*People v. Evans* (2019) 39 Cal.App.5th 771, 777.)